IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01407-WYD

WILLIAM SEAN CONEY,

      Applicant,

v.

ARISTEDE [sic] ZAVARAS, Executive Director,
COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

      Applicant, William Shawn Coney, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.  He initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County, Colorado, district court case number 00CR3200.  He also filed a supporting brief.  Mr. Coney paid the $5.00 habeas corpus filing fee.

      On September 21, 2007, I directed the respondents to file an answer to the 28 U.S.C. § 2254 application.  On October 31, 2007, after being granted an extension of time, the respondents filed an answer.  On December 27, 2007, Mr. Coney filed a traverse.  On May 26, 2009, I ordered the respondents to file the state court record, which was filed on June 25, 2009.  On August 6, 2009, I ordered the respondents to

clarify the state court record.  On August 13, 2009, the respondents filed a response to the order for clarification.

I must construe liberally Mr. Coney's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the reasons stated below, the 28 U.S.C. § 2254 application will be denied.  Throughout this order, citations to the state court record are based on the index of record, *see* trial tr. vol. 1, 650-58, and, because of some remaining inconsistencies, are not based on the response to the order for clarification, to which a copy of the index of record is attached, or on the record as cited in the answer.

## I.  Factual and Procedural Background

In 2001, Mr. Coney was convicted in El Paso County District Court on charges of first-degree murder after deliberation, felony murder, conspiracy to commit first-degree murder, second-degree kidnapping, conspiracy to commit second-degree kidnapping, aggravated intimidation of a witness to a crime, conspiracy to commit aggravated intimidation of a witness, retaliation against a witness to a crime, conspiracy to commit retaliation against a witness, and crime of violence.  The judgment of conviction was entered on May 28, 2002.  Mr. Coney was sentenced to the DOC for life without the possibility of parole plus thirty years.

Mr. Coney appealed his convictions directly to the Colorado Court of Appeals, which on April 22, 2004, affirmed his convictions.  *See People v. Coney*, No. 02CA1370

(Colo. Ct. App. Apr. 22, 2004) (answer, ex. D), published at 98 P.3d 930 (Colo. Ct. App. 2004).  On October 18, 2004, the Colorado Supreme Court denied certiorari review.

On October 18, 2005, Mr. Coney filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the trial court.  On October 26, 2005, the trial court issued an order addressing Mr. Coney's claims and denying his Colo. R. Crim. P. 35(c) motion.  Mr. Coney appealed to the Colorado Court of Appeals, which on March 15, 2007, affirmed the order of the trial court.  *See People v. Coney*, No. 05CA2519 (Colo. Ct. App. Mar. 15, 2007) (not published) (answer, ex. K).  On August 6, 2007, the Colorado Supreme Court denied certiorari review.

On June 21, 2007, Mr. Coney tendered the instant habeas corpus application to this court, which filed the application on July 5, 2007.  He asserts eight claims:

> 1.      that the state trial court erred in allowing evidence of his prior drug arrests to be heard by the jury;

> 2.      that the state trial court erred by failing to give a contemporaneous limiting instruction when evidence of his prior drug arrests was admitted at trial;

> 3.      that the state trial court erred by admitting a "snitch list" and related testimony into evidence at trial;

> 4.      that the state trial court erred in allowing a records clerk employed by the El Paso County Sheriff's Office to serve as a juror;

> 5.      that trial counsel was ineffective and violated his constitutional rights to counsel and due process;

> 6.      that his constitutional rights to due process, equal protection, and a fair trial by an impartial jury were violated when the state trial court allowed the case to go to a second trial after granting a defense motion for mistrial based upon discovery violations, and that the second trial violated double jeopardy protections;

3

7.      that his constitutional rights to due process, equal protection, and a fair trial were violated when trial counsel confessed Mr. Coney's guilt during opening statement and closing argument; and

8.      that there was insufficient evidence to support his convictions of first-degree murder, felony murder, conspiracy to commit first-degree murder, kidnapping, aggravated intimidation of a witness, conspiracy to commit aggravated intimidation of a witness, retaliation against a witness, and conspiracy to commit retaliation against a witness.

Respondents concede that the instant action was filed in a timely manner i.e., within the one-year limitation period in 28 U.S.C. § 2244(d).  Therefore, I need not address further the one-year limitation period.

II.  Exhaustion of State Court Remedies and Procedural Bar

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

4

1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that, although Mr. Coney presented all eight of his claims to the state courts, he failed to present each of them as a federal constitutional claim. They specifically argue that Mr. Coney raised his first three claims of trial court error before the state courts on direct appeal as violations of the Colorado Rules of Evidence and state law only.  Therefore, they contend Mr. Coney failed to exhaust state remedies as to his first three claims.

I have reviewed Mr. Coney's briefs on direct appeal, and find that he has failed to exhaust his first three claims.  However, I must clarify the respondents' contention that Mr. Coney raised his first three claims before the state courts only as violations of the Colorado Rules of Evidence and state law.  Mr. Coney does makes brief reference to a federal case from United States Court of Appeals for the District of Columbia Circuit, which he cites in his opening brief in support of his first claim.  *See* answer, ex. A at 8.

However, he does not cite to this federal case for a federal constitutional principle, but rather for a rule of evidence. As previously stated, a claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan*, 513 U.S. at 365-66. "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* at 366.

Mr. Coney also makes brief reference in his reply brief to a violation of his rights under the Sixth Amendment, *see* answer, ex. C at 3, responding to an argument made by the state government in its answer brief regarding his first claim. *See* answer, ex. B at 5-14. However, Colorado law does not recognize arguments raised for the first time in a reply brief. *People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990) (en banc). The citation in Mr. Coney's reply does not serve to present or preserve a federal constitutional claim to the state appellate court. Therefore, I find that Mr. Coney failed to exhaust his first three claims.

I also find that Mr. Coney failed to exhaust his sixth and eighth claims by failing to present them fairly to the state appellate courts. I first will discuss his sixth claim. As his sixth claim, Mr. Coney alleges (a) that his constitutional rights to due process, equal protection, and a fair trial by an impartial jury were violated when the state trial court allowed the case to go to a second trial after granting a defense motion for mistrial based upon discovery violations, and (b) that the second trial violated double jeopardy protections. Mr. Coney raised this claim on appeal from the denial of his Colo. R. Crim. P. 35(c) motion. Some background is in order.

6

At Mr. Coney's first trial, Tina McConnell testified as a witness for the prosecution.  *See* answer, ex. I at 8; *see also* trial tr. vol. 18 at 11-117, Jan. 10, 2002. Following her testimony, defense counsel asserted that there had been a discovery violation since the defense had just received a report of an interview with Ms. McDonnell that had occurred almost a year before, which included a reference to a "bribe" offered to Ms. McDonnell by Mr. Coney's wife.  *See* answer, ex. I at 8; *see also* trial tr. vol. 18, 144-49.  Defense counsel complained that "the People, for eleven months, have been sitting on information alleging that my client's wife tried to pay off one of the crucial witnesses."  Answer, ex. I at 8; *see also* trial tr. vol. 18, 147.

Defense counsel requested sanctions, asking either for a mistrial or for the two first-degree murder charges to be reduced to second-degree murder.  *See* answer, ex. I at 8; *see also* trial tr. vol. 18, 148.  The prosecutor argued that a mistrial was not warranted, *see* answer, ex. I at 9; *see also* trial tr. vol. 18 at 151-54, but the trial court granted a mistrial, noting that it did not find that the discovery violation was "willful." Answer, ex. I at 9; *see also* trial tr. vol. 18 at 161.  The trial court reset the matter for trial and imposed an additional sanction on the prosecution, allowing the defense "an opportunity to talk to Ms. McConnell before you talk . . . to her.  That is the sanction, in addition to the mistrial that you caused by your negligence."  Answer, ex. I at 9; *see also* trial tr. vol. 19 at 10, Jan. 11, 2002.  At Mr. Coney's second trial, Ms. McConnell again testified for the prosecution, and was cross-examined at length by defense counsel about various issues, including the alleged bribe.  *See* answer, ex. I at 9-10; *see also* trial tr. vol. 8, 219-305, Mar. 6, 2002; trial tr. vol. 9, 6-44, Mar. 7, 2002.

Although he claimed a violation of his rights to due process, equal protection, a

fair trial, and to be free from double jeopardy, Mr. Coney in his opening appellate brief only discussed the double jeopardy claim. *See* answer, ex. H at 9-17. He takes the same approach in his habeas corpus application before me. The due process, equal protection, and fair trial claims are too vague and conclusory to warrant further discussion or consideration. Although Mr. Coney's *pro se* 28 U.S.C. § 2254 application must be construed liberally, I am not required to fashion his arguments for him where his allegations are merely conclusory or suggestive in nature and are without supporting factual averments. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Despite the fact that the state trial court briefly addressed the merits of the double jeopardy claim, *see* application, ex. D at 1-2, the Colorado Court of Appeals declined to address it, finding that pursuant to Colo. R. Crim. P. 35(c)(3)(VI) and (VII), the claim "should have been dismissed summarily because [it was], or could have been, presented on direct appeal." Answer, ex. K (No. 05CA2519) at 3. Therefore, Mr. Coney failed to exhaust his sixth claim.

As his eighth and final claim, Mr. Coney argues that there was insufficient evidence to support his convictions of first-degree murder, felony murder, conspiracy to commit first-degree murder, kidnapping, aggravated intimidation of a witness, conspiracy to commit aggravated intimidation of a witness, retaliation against a witness, and conspiracy to commit retaliation against a witness. He also raised this claim on appeal from the denial of his Colo. R. Crim. P. 35(c) motion.

As with Mr. Coney's sixth claim, the state trial court briefly addressed the merits of

the sufficiency-of-the-evidence claim in denying his Colo. R. Crim. P. 35(c) motion,

finding that there was sufficient evidence to support the jury's verdicts.  *See* application,

ex. D at 3.  Despite the fact that the trial court addressed the merits of the sufficiency-of-

the-evidence claim, the Colorado Court of Appeals also declined to address the merits of

the claim, finding that pursuant to Colo. R. Crim. P. 35(c)(3)(VI) and (VII), the claim

"should have been dismissed summarily because [it was], or could have been, presented

on direct appeal."  Answer, ex. K (No. 05CA2519) at 3.  Therefore, Mr. Coney failed to

exhaust his eighth claim.

　　　Although Mr. Coney failed to exhaust state court remedies as to his first, second,

third, sixth, and eighth claims, I may not dismiss those claims for failure to exhaust state

remedies if he no longer has an adequate and effective state remedy available to him.

*See Castille*, 489 U.S. at 351.  No further state court remedy exists because any future

claim would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it was or

could have been presented in an appeal or postconviction proceeding previously

brought.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  The state appeals court

specifically informed Mr. Coney of this fact as to his sixth and eighth claims.  Therefore,

the first, second, third, sixth, and eighth claims that he failed to exhaust are procedurally

defaulted.

　　　As a general rule, federal courts "do not review issues that have been defaulted in

state court on an independent and adequate state procedural ground, unless the default

is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Application of this procedural default rule in the habeas corpus context is based on

9

comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

Mr. Coney's *pro se* status does not exempt him from the requirement of demonstrating

either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v.*

*Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

    To demonstrate cause for his procedural default, Mr. Coney must show that some

objective factor external to the defense impeded his ability to comply with the relevant

procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v.*

*Salazar*, 323 F.3d 852, 855 (10th Cir. 2003).  A fundamental miscarriage of justice

occurs when "a constitutional violation has probably resulted in the conviction of one who

is actually innocent."  *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379

F.3d 987, 991-92 (10th Cir. 2004).  A "substantial claim that constitutional error has

caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo*, 513 U.S.

298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Coney first

must "support his allegations of constitutional error with new reliable evidence – whether

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence – that was not presented at trial."  *Id.*  Mr. Coney then must demonstrate "that it

is more likely than not that no reasonable juror would have convicted him in light of the

new evidence."  *Id.* at 327.

    Mr. Coney fails to argue any basis for a finding of cause and prejudice or a

fundamental miscarriage of justice in this action.  Therefore, I find that claims one, two,

three, six, and eight, which Mr. Coney failed to exhaust, are procedurally barred because

he has failed to demonstrate cause and prejudice or a fundamental miscarriage of

justice.

III.  <u>Standard of Review on the Merits</u>

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be

issued with respect to any claim that was adjudicated on the merits in state court unless

the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant

to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003).

The threshold question pursuant to § 2254(d)(1) is whether Mr. Coney seeks to apply a

rule of law that was clearly established by the Supreme Court at the time his conviction

became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).  Clearly established

federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's

decisions as of the time of the relevant state-court decision."  *Id.* at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or
> similar to the case *sub judice.*  Although the legal rule at
> issue need not have had its genesis in the closely-related or
> similar factual context, the Supreme Court must have
> expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry

pursuant to 28 U.S.C. § 2254(d)(1).  *See id.* at 1018.  If a clearly established rule of

federal law is implicated, I must determine whether the state court's decision was

contrary to or an unreasonable application of that clearly established rule of federal law.

*See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly
> established federal law if:  (a) "the state court applies a rule
> that contradicts the governing law set forth in Supreme Court
> cases"; or (b) "the state court confronts a set of facts that are
> materially indistinguishable from a decision of the Supreme
> Court and nevertheless arrives at a result different from [that]
> precedent."  *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th
> Cir. 2006)] (internal quotation marks and brackets omitted)
> (quoting *Williams*, 529 U.S. at 405).  "The word 'contrary' is
> commonly understood to mean 'diametrically different,'
> 'opposite in character or nature,' or 'mutually opposed.'"
> *Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable
> application of clearly established federal law when it
> identifies the correct governing legal rule from Supreme
> Court cases, but unreasonably applies it to the facts.  *Id.* at
> 407-08.  Additionally, we have recognized that an
> unreasonable application may occur if the state court either
> unreasonably extends, or unreasonably refuses to extend, a
> legal principle from Supreme Court precedent to a new
> context where it should apply.

*House*, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective

inquiry.  *See Williams*, 529 U.S. at 409-10.  "[A] federal habeas court may not issue the

writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly.

Rather that application must also be unreasonable."  *Id.* at 411.  "[A] decision is

'objectively unreasonable' when most reasonable jurists exercising their independent

judgment would conclude the state court misapplied Supreme Court law."  *Maynard*,

468 F.3d at 671.  "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under [28 U.S.C.] § 2254."  *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2).  *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented.  Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Coney bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'"  *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

I "owe deference to the state court's result, even if its reasoning is not expressly stated."  *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.* at 1178.  "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims."  *Id.*

Finally, if the state court does not address a claim on the merits, I must review the claim *de novo* and the deferential standards in 28 U.S.C. § 2254(d) are not applicable.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

IV.  The Merits of Claims Four, Five and Seven

Claim Four

As his fourth claim, Mr. Coney alleges that the state trial court erred in allowing a records clerk employed by the El Paso County Sheriff's Office to serve as a juror in violation of his rights to "Due Process, Equal Protection of the Law, and his rights to a Fair Trial by an Impartial Jury."  Application at 6(j).  He contends that this juror was ineligible to serve on a jury in any criminal proceeding.  He raised this claim as a federal constitutional claim on direct appeal in state court, arguing that his fundamental right under the Due Process Clause to a fair trial by a panel of impartial jurors was violated because the state trial court allowed an ineligible juror to serve on the jury.  *See* answer, ex. A at 19-22.

It is well established that the denial of due process in a state criminal trial "is the failure to observe that fundamental fairness essential to the very concept of justice." *Lisenba v. California*, 314 U.S. 219, 236 (1941).  In order to declare a denial of due process, I must find that "the absence of that fairness fatally infected the trial." *Id.*; *see also Tapia v. Tansy*, 926 F.2d 1554, 1557 (10th Cir. 1991) (due process claims entitle applicant to relief only if the alleged errors rendered the trial as a whole fundamentally unfair).  A litigant may waive any objection to the composition of the jury by failing to pursue the matter in a timely fashion; only reasons affecting a juror's impartiality can truly be said to affect the fairness of a trial. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 551 n.2, 556 (1984).  A defendant, by accepting a jury, waives his right to object to the panel. *United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1573 (10th Cir. 1993).

14

Because the state appeals court did not address the merits of the federal habeas

claim Mr. Coney raises here, I will exercise my own independent judgment in deciding

the claim.  *See Gipson*, 396 F.3d at 1196.  The Colorado Court of Appeals was not

persuaded that the trial court committed reversible error by failing to excuse as a juror a

records clerk employed by the El Paso County Sheriff's Office:

> Section 16-10-103(1)(k), C.R.S. 2003, provided that a
> trial court shall sustain a challenge for cause if the juror is a
> compensated employee of a public law enforcement agency
> or a public defender's office.
>
> However, it is incumbent upon the challenging party
> to state clearly on the record the particular ground on which
> a challenge for cause is made.  People v. Russo, 713 P.2d
> 356, 360 (Colo. 1986).  Although some cases have upheld a
> trial court's sua sponte excusal of a juror, see People v.
> Evans, 987 P.2d 845 (Colo. App. 1998), overruled on other
> grounds by People v. Lefebre[,] 5 P.3d 295 (Colo. 2000), we
> are aware of no authority that requires the trial court to do
> so.  See, e.g., Phillips v. State, 571 S.E.2d 361 (Ga. 2002)
> (trial court did not err by failing to excuse, sua sponte,
> prospective juror who was not challenged for cause by
> defense); People v. Metcalfe, 782 N.E. 2d 263 (Ill. 2002)
> (trial court does not owe a duty sua sponte to excuse juror
> for cause in the absence of a defendant's challenge for
> cause or exercise of a peremptory challenge.
>
> Here, both the prosecution and defense counsel had
> the opportunity to question the prospective juror.  Although
> the prospective juror disclosed her employment by the
> sheriff's office, neither side challenged for her cause.  The
> trial court thus did not err in failing sua sponte to excuse her.

No. 02CA1370, slip op. at 7-8 (answer, ex. D at 7-8); *see also Coney*, 98 P.3d at 934.

Mr. Coney merely speculates that the juror in question was biased because of

her access to files related to the investigation in his state criminal case.  However, as

noted by the state appeals court, both prosecution and defense counsel had the

opportunity to question the records clerk employed by the El Paso County Sheriff's Office as a prospective juror, and neither challenged her for cause.  I do not find that the trial judge's failure to excuse this juror rendered the trial as a whole fundamentally unfair.  *See Lisenba*, 314 U.S. at 236.  Therefore, I find that the state court's decision was not contrary to clearly established federal law set forth in *Lisenba*.

As to the alleged equal protection violation, Mr. Coney failed to raise the equal protection claim as a federal constitutional claim in the state courts.  As such, he has failed to exhaust the claim and the claim is procedurally defaulted.  Therefore, for the reasons stated above, I am precluded from reviewing the claim because Mr. Coney has failed to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice.  I find that the equal protection claim is procedurally barred, and will not address it further.

<u>Claim Five</u>

Mr. Coney next claims he was denied the effective assistance of counsel at trial, a claim he raised on direct appeal.  The Supreme Court has established a two-prong test to review claims of ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Mr. Coney must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial.  *See id*. at 687-88.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.*  at 689.  There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id.*  It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id.*

16

In order to demonstrate prejudice, Mr. Coney must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland* at 694.

If Mr. Coney fails to satisfy either prong of the two-part *Strickland* test, the ineffective-assistance-of-counsel claim must be dismissed. *See id.* at 697. Finally, ineffective-assistance-of-counsel claims are mixed questions of law and fact. *See id.* at 698.

Mr. Coney specifically maintains that he was denied the effective assistance of counsel because his attorney failed to cross-examine properly the prosecution's expert witnesses and failed to tender defense experts to rebut the anticipated testimony of the prosecution experts. He suggests that defense counsel should have provided the jury with an alternate theory of the victim's death. However, he does not explain what that alternate theory would be. Nor does he indicate how such a theory would have convinced the jury he was not guilty. The record demonstrates that trial counsel explored the possibility of presenting expert testimony but apparently made the decision not to call any. *See* answer, ex. B at 22; trial tr. vol. 1, 81 ("Motion for Continuance of Trial Set for October 9, 2001"), Sept. 6, 2001; *id.* vol. 5, 123-24, Nov. 29, 2001.

The Colorado Court of Appeals applied the proper standards from *Strickland* and rejected the ineffective-assistance-of-counsel claim because Mr. Coney failed to establish prejudice:

> Defendant bases his ineffective assistance claim primarily on his counsel's alleged failure to "vigorously attack the testimony and conclusions of the expert witnesses for the prosecution on the victim's cause of death or otherwise rebut the testimony with expert witnesses of their own." He

also argues that defense counsel should have rebutted the
prosecution's expert witnesses' testimony and provided the
jury with an alternative theory of the victim's death.
However, defendant does not suggest what the alternative
theory would be and how it would have convinced the jury
that he was not guilty.

We conclude defendant failed to demonstrate
prejudice.  Accordingly, we need not consider whether
defense counsel's performance was deficient.

No. 02CA1370, slip op. at 9 (answer, ex. D at 9); *see also Coney*, 98 P.3d at 934-35.

Mr. Coney is unable to overcome the presumption that trial counsel made

reasonable strategy choices.  The state court's determination that Mr. Coney failed to

demonstrate a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different did not result in a decision that was

contrary to, or involved an unreasonable application of, *Strickland*.

<u>Claim Seven</u>

As his seventh claim, which he raised on appeal from the denial of his Colo. R.

Crim. P. 35(c) motion, Mr. Coney alleges that his constitutional rights to due process,

equal protection, and a fair trial were violated when trial counsel confessed Mr. Coney's

guilt during opening statement and closing argument.  He contends that he never

conceded to "playing any part in this incident," application at 6(u); answer, ex. H at 19,

and argues that defense counsel's remarks were prejudicial to his ability to receive a fair

trial and constituted "structural" error, i.e., rendering the entire trial fundamentally unfair.

Application at 6(v); answer, ex. H at 20.

Again, some background is in order.  In opening statement, trial tr. vol. 8 at 33-

49, defense counsel emphasized the guilt of Randy Lasselle and reiterated that Mr.

18

Coney "did not kill or assist in the killing of Kimberly VanDaam."  Answer, ex. I at 14;

see also trial tr. vol. 8 at 49.  In closing argument, defense counsel talked at length

about the reasons that the prosecution witnesses could not be believed and the

problems with the physical evidence, answer, ex. I at 14; see also trial tr. vol. 14 at 48-

80, Mar. 15, 2002, concluding closing argument by noting that Mr. Coney was "willing to

take responsibility," conceding that he was guilty of accessory to first-degree murder,

and asked the jurors "to find him not guilty of first-degree murder and conspiracy to

commit it, and kidnapping."  Answer, ex. I at 14; see also trial tr. vol. 14 at 79-80.

The Colorado Court of Appeals treated Mr. Coney's claim as a claim of

ineffective assistance of counsel, and, while not specifically citing to *Strickland*, applied

the *Strickland* standard to reject the claim because Mr. Coney failed to establish

prejudice and failed to demonstrate that counsel's approach was not a sound strategy

under the circumstances:

> The trial court correctly denied defendant's second
> claim on the merits.  Although defendant insists that he did
> <u>not</u> present a claim of ineffective assistance of counsel, his
> contention has no conceivable merit as a stand-alone claim
> of structural error.  And if evaluated as a claim of ineffective
> assistance of counsel, defendant's contention is plainly
> refuted by the record:
>
> •   Defendant does not explain how, but for
>     counsel's errors, the outcome would have been
>     different.  <u>See</u> <u>Davis v. People</u>, 871 P.2d 769
>     (Colo. 1994); <u>People v. Coney</u>, <u>supra</u>.
>
> •   As the trial court noted, defense counsel's
>     opening statement and closing argument were
>     obviously the product of a valid trial strategy.
>     <u>See</u> <u>People v. Rollins</u>, 892 P.2d 866, 874 n.14
>     (Colo. 1995) (defense counsel determines trial
>     strategy and tactical matters).

19

Answer, ex. K (No. 05CA2519, slip. op. at 2) at 2.

I agree with the treatment of Mr. Coney's seventh claim by the Colorado Court of Appeals and find that the state appeals court's disposition of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, *Strickland*.

V. <u>Conclusion</u>

For the reasons stated above, habeas corpus relief will be **DENIED**.  Accordingly, it is

ORDERED that claims one, two, three, six, and eight are dismissed as procedurally barred, and claims four, five, and seven are dismissed as meritless.  It is

FURTHER ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  September 3, 2009

BY THE COURT:


<u>s/ Wiley Y. Daniel</u>
Wiley Y. Daniel
Chief United States District Judge