IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01407-WYD

WILLIAM SEAN CONEY,

    Applicant,

v.

ARISTEDE [sic] ZAVARAS, Executive Director,
COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER

This matter is before the Court on Applicant's Motion for Relief from Judgment or Order Pursuant to Federal Rules of Civil Procedure, Rule 60(b), filed July 26, 2010 [ECF No. 56].

Applicant, William Shawn Coney, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. In 2001, Mr. Coney was convicted in El Paso County District Court case number 00CR3200 on charges of first-degree murder after deliberation, felony murder, conspiracy to commit first-degree murder, second-degree kidnapping, conspiracy to commit second-degree kidnapping, aggravated intimidation of a witness to a crime, conspiracy to commit aggravated intimidation of a witness, retaliation against a witness to a crime, conspiracy to commit retaliation against a witness, and crime of violence. The judgment of conviction was entered on May 28,

2002. Mr. Coney was sentenced to the DOC for life without the possibility of parole plus thirty years.

On July 5, 2007, Mr. Coney initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction. In his initial Application he asserted eight claims:

> 1. that the state trial court erred in allowing evidence of his prior drug arrests to be heard by the jury;
>
> 2. that the state trial court erred by failing to give a contemporaneous limiting instruction when evidence of his prior drug arrests was admitted at trial;
>
> 3. that the state trial court erred by admitting a "snitch list" and related testimony into evidence at trial;
>
> 4. that the state trial court erred in allowing a records clerk employed by the El Paso County Sheriff's Office to serve as a juror;
>
> 5. that trial counsel was ineffective and violated his constitutional rights to counsel and due process;
>
> 6. that his constitutional rights to due process, equal protection, and a fair trial by an impartial jury were violated when the state trial court allowed the case to go to a second trial after granting a defense motion for mistrial based upon discovery violations, and that the second trial violated double jeopardy protections;
>
> 7. that his constitutional rights to due process, equal protection, and a fair trial were violated when trial counsel confessed Mr. Coney's guilt during opening statement and closing argument; and
>
> 8. that there was insufficient evidence to support his convictions of first-degree murder, felony murder, conspiracy to commit first-degree murder, kidnapping, aggravated intimidation of a witness, conspiracy to commit aggravated intimidation of a witness, retaliation against a witness, and conspiracy to commit retaliation against a

<mark>2</mark>

witness.

An Order denying the Application, which is incorporated herein by reference, entered September 3, 2009 [ECF. No. 42]. In that Order, I dismissed Applicant's claims one, two, three, six and eight as procedurally barred. I determined that Mr. Coney failed to exhaust state remedies as to his first three claims because these claims were presented to the state courts as state-law evidentiary claims and, therefore, unexhausted. I further found that he failed to exhaust his sixth and eighth claims by failing to present them fairly to the state appellate courts on direct appeal. *See* [ECF No. 42 at 4-10]. Finally, I dismissed claims four, five and seven as meritless. *See* [ECF No. 42 at 14-20]. Mr. Coney sought a certificate of appealability ("COA") from the Tenth Circuit Court of Appeals, which was denied on March 5, 2010, based on Mr. Coney's failure to demonstrate "a substantial showing of the denial of a constitutional right" and dismissed the appeal.

In the instant motion, Mr. Coney moves pursuant to Fed. R. Civ. P. 60(b) for relief from Judgment. Specifically, Mr. Coney contends that claims one, two, three, six and eight were raised on direct appeal and should not have been procedurally barred, and he requests that I address the substance of those claim. I must construe liberally Mr. Coney's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the court must first determine whether the motion should be treated as a second or successive habeas petition or whether it should be treated as a "true" 60(b)

motion.  *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir.2006).  A Rule 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  *Spitznas,* 464 F.3d at 1215 (citing *Gonzales v. Crosby,* 545 U.S. 524 (2005)).  "[I]t is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."  *Spitznas,* 464 F.3d at 1215-16 (citations omitted).

Contrary to Mr. Coney's assertions, the dismissal of claims one, two, three, six and eight based on state procedural default grounds constituted a disposition on the merits of those claims.  *See Schwartz v. Neal*, 228 Fed. Appx. 814, 816 (10th Cir. 2007) (claims raised in § 2254 petition that were denied based on state procedural default grounds constituted disposition on the merits and thus rendered subsequent § 2254 petition second or successive for purposes of the AEDPA); *see also Carter v. United States,* 150 F.3d 202, 205-06 (2d Cir.1998) (per curiam); *Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir.1995) (concluding, pre-AEDPA, that denial of claim due to procedural default is a determination on the merits in evaluating whether a second habeas petition is successive).  Therefore, I find that Mr. Coney's Rule 60(b) motion is a successive habeas petition.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Coleman must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive claims.  *See In re Cline*, 531 F.3d 1249, 1252 (10th

4

Cir. 2008). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B).

Mr. Coney does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

Mr. Coney's claims in the instant action are not based on either a new rule of

constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). As a result, I find that a transfer of Mr. Coney's claims to the Tenth Circuit is not in the interest of justice. Instead, the claims filed in the instant motion will be dismissed for lack of jurisdiction.

Accordingly, it is

ORDERED that the Motion for Relief from Judgment or Order Pursuant to Federal Rules of Civil Procedure, Rule 60(b), filed July 26, 2010 [ECF No. 56] is **DENIED** and the claims asserted therein dismissed for lack of jurisdiction.

Dated: September 24, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge